IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CALVIN LEE WALKER**                                                                              **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 1:08cv4-LG-RHW**

**JACQUELYN BANKS, Warden**                                              **DEFENDANT**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

BEFORE THIS COURT are [1] the Petition of Calvin Lee Walker for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254 filed January 8, 2008 and [5] Respondent's Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d) filed February 19, 2008. Petitioner filed [7] his response to the motion on March 24, 2008. After review of the pleadings and records on file it is the opinion of the undersigned U.S. Magistrate Judge that Respondent's Motion to Dismiss is well taken and should be granted.

## FACTS AND PROCEDURAL HISTORY

On March 16, 2000, Petitioner Calvin Lee Walker was convicted by a Harrison County Circuit Court jury of two counts of armed robbery, and sentenced by that court, as an habitual offender, to serve life imprisonment in the custody of the Mississippi Department of Corrections. Walker appealed, and on October 16, 2001, the Mississippi Court of Appeals affirmed his conviction and sentence. *Walker v. State*, 799 So.2d 151 (Miss. App. 2001). Walker filed neither a motion for rehearing nor a petition for a writ of certiorari to the Mississippi Supreme Court, so his judgment of conviction became final October 30, 2001.[1] Counsel for Respondent originally submitted that on March 18, 2004, counsel for Walker filed a petition for leave to

---

[1] The 14 days within which Walker could have sought rehearing before the Court of Appeals is added to the date on which his direct appeal ended and his conviction became final. Rule 40, Miss. R. App. P.

proceed with a post conviction motion (Exhibit D), which the Mississippi Supreme Court denied by order entered May 21, 2004 (Exhibit E), but Walker denied having ever filed a post conviction motion,[2] or having ever been represented by the attorney who filed Exhibit D. [Doc. 7, p. 6] In response to the Court's May 9, 2008 order requiring Respondent to clarify the inconsistencies in the exhibits, Respondent has acknowledged that Exhibits D and E are not related to the Calvin Walker who is the Petitioner in this case, but to another Mississippi Department of Corrections inmate named Calvin Walker. Respondent urges that excluding the two improper exhibits, Petitioner's claim remains time-barred, and should be dismissed.

## DISCUSSION

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Walker's petition does state that he filed an application with the Mississippi Supreme Court for leave to proceed in the trial court with a post conviction motion. The Supreme Court general docket (2007-M-01922) shows the application was filed 10/26/2007, and an order entered thereon 11/29/2007. Walker attaches as an exhibit to his petition the November 29, 2007 order dismissing in part and denying in part the application for leave to proceed. See, [1-2]. The Supreme Court order finds each claim raised in the application, "except for the claim of newly discovered evidence is time barred. Miss. Code Ann. § 99-39-5. Notwithstanding the procedural bar, those claims are without merit. The panel further finds that the claim of newly discovered evidence is without merit. First, the alleged 'new' witness was disclosed to the defense. Second, Walker has not shown how the 'new' testimony would have created a different result at his trial."

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Walker had 14 days from the October 16, 2001 Court of Appeals decision to file a motion for rehearing. He filed no such motion, and sought no further review, therefore his conviction became final and the one-year limitations period for filing a federal habeas corpus petition began to run on October 30, 2001. Since Walker failed to properly file any motion for post-conviction relief in state court during that one year period, the tolling provision of 28 U.S.C. § 2244(d)(2) does not apply, there was no tolling of the one-year limitation period, and Walker's time for filing for federal habeas relief expired on October 30, 2002. See, *Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'")

NEED FOR AN EVIDENTIARY HEARING

When, as here, a petition for relief under 28 U.S.C. § 2254 presents claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, petitioner's claims in this case do not merit an evidentiary hearing.

RECOMMENDATION

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that [19] the Respondent's motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), is well-taken and should be **GRANTED**, and that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DISMISSED** for failure to timely file the petition.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 30th day of June, 2008.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE