IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CALVIN LEE WALKER** | § | **PETITIONER** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:08CV4-LG-RHW** |
| | § | |
| **JACQUELYN BANKS, Warden** | § | **RESPONDENT** |

ORDER ADOPTING PROPOSED
FINDINGS OF FACT AND RECOMMENDATIONS

**BEFORE THE COURT** are the Proposed Findings of Fact and Recommendations [10] entered by United States Magistrate Judge Robert H. Walker on June 30, 2008. Respondent has filed a Motion to Dismiss [5], asserting that the 28 U.S.C. § 2254 petition for writ of habeas corpus is time-barred. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge has filed proposed findings and recommended that the Motion to Dismiss be granted. The petitioner has objected.

FACTS

The petitioner, Calvin Lee Walker, was convicted of two counts of armed robbery on March 16, 2000. He was sentenced as a habitual offender to life imprisonment. He appealed, and the Mississippi Court of Appeals affirmed the conviction on October 16, 2001. *See generally Walker v. State*, 799 So. 2d 151 (Miss. Ct. App. 2001). He did not file a motion for rehearing or a petition for writ of certiorari. Therefore, the judgment became final on October 30, 2001. *See* MISS. R. APP. P. 40.

According to the petitioner, he learned on August 4, 2006, that a witness, Lucille Jacobs,

had given a statement to the police that he believes is exculpatory.[1]  On October 26, 2007, over one year after his discovery of the purported exculpatory witness statement, the petitioner filed an application with the Mississippi Supreme Court for leave to proceed in the trial court with a post-conviction motion.  The application was denied by the Mississippi Supreme Court on November 28, 2007.  The Mississippi Supreme Court held that all claims, save the claim of newly discovered evidence, were time-barred.  Additionally, the Supreme Court held that the alleged new witness statement had been disclosed to the defense prior to trial and that the petitioner had not demonstrated that the new testimony would have created a different result at trial.

The petitioner filed his 28 U.S.C. § 2254 application for habeas corpus relief on December 26, 2007.[2]  The respondent filed a Motion to Dismiss, asserting that the petition was

---

[1] Jacobs had informed police that, at the time of the armed robberies, she was sitting on the front porch of her home when she saw an older model dark-colored two-door vehicle that was possibly a Monte Carlo, parked on the north side of the El Maguey restaurant in Gulfport, Mississippi.  She saw two males exit the vehicle and stand against the wall of the restaurant, facing the parking lot.  When the two men ran after two women that were in the parking lot, Jacobs went inside her home to call the police.

In the parking lot, the two men took the women's purses and began to flee, but one of the men, Gary Dewayne Walker, was apprehended at the scene by police.  In his original statement to the police, Walker said that he and Jackie Wilson had traveled to the restaurant in a two-door, dark green Oldsmobile Cutlass and that Wilson had committed the robbery and thrown him a purse before hiding in a dumpster.  However, Gary Walker later changed his statement, informing police that the petitioner had been involved in the robbery.  He told the police that the petitioner drove a 1985 grey, four-door Buick Electra.

The petitioner asserts that Jacobs' statement is exculpatory because she provided a similar description of the vehicle used in the robbery as that given in Gary Walker's original statement, which did not implicate the petitioner.  The petitioner admits that his trial counsel and appellate counsel were aware of Jacobs' statement but asserts that they provided him with ineffective assistance of counsel by not using her statement and testimony at trial and on appeal.

[2] Although the petition was filed with the Court on January 8, 2008, petitioner signed the petition on December 26, 2007.  Therefore, it is deemed filed on the earlier date.  *See Houston v. Lack,* 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988); *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir.1999); *Starns v. Andrews*, 524 F.3d 612, 616 n.1(5th Cir. 2008)("Under

time-barred. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge filed proposed findings and recommended that the Motion to Dismiss be granted. The petitioner has objected to the Proposed Findings of Fact and Recommendations but does not specifically address respondent's claim that his § 2254 application is time-barred.[3]

## Discussion

For purposes of considering the correctness of the Magistrate Judge's conclusion that the petitioner's § 2254 petition is time barred, the salient facts are as follows:

1) The judgment of conviction became final on October 30, 2001.

2) The §2254 petition was signed and filed on December 26, 2007.

3) The petitioner alleges that he first learned of Lucille Jacobs' statement, on August 4, 2006.

4) There is no claim of equitable tolling.[4]

---

the 'prison mailbox rule,' a pro se prisoner's federal habeas corpus petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures.").

[3] The petitioner objects by asserting that the witness was not disclosed to him prior to trial; that he has shown that the testimony would have created a different result at trial; that he is entitled to an evidentiary hearing regarding the claims asserted in his petition; that his attorneys never informed him of the witness or consulted with him regarding presenting her testimony at trial; that his Sixth Amendment rights were violated when she was not called as a witness; that he received ineffective assistance of counsel; and that he does not have to prove that he is 100% innocent to receive a new trial

[4] The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling will be granted in rare and exceptional circumstances and will not be granted if the applicant failed to diligently pursue his rights. Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). Proceeding *pro se* is alone insufficient to equitably toll the AEDPA statute of limitations. Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably

28 U.S.C. § 2244(d) provides:

(1) A 1- year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall sun from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The petition was filed over seven years after the judgment of conviction became final. Considering August 4, 2006, the date upon which the petitioner alleges that he personally learned of Jacobs' statement, as the date upon which the limitation period began to run, the petition is still untimely.  Even though the time for filing the § 2254 was tolled during the month that the application was pending before the Mississippi Supreme Court, the § 2254 petition was filed over one year after the petitioner discovered the existence of the witness.  *See Starns v. Andrews*, 524 F.3d 612, 616, 621 n.5(5th Cir. 2008); *see also* 28 U.S.C. § 2244(d)(1)(D).  The petition for writ of habeas corpus is time-barred.

Having fully reviewed the petitioner's objections as well as the record in this matter, and being duly advised in the premises, the Court finds that the Proposed Findings of Fact and

---

toll the AEDPA statute of limitations. *United States v. Petty,* 530 F.3d 361, 365 -366 (5th Cir. 2008).

Recommendations should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendations [10] entered by United States Magistrate Judge Robert H. Walker, be, and the same hereby are, adopted as the finding of this Court. The Petition for Writ of Habeas Corpus is hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [5] filed by the respondent is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE